Case 7:24-cv-00149   Document 10   Filed on 09/12/24 in TXSD   Page 1 of 7

United States District Court
Southern District of Texas
**ENTERED**
September 12, 2024
Nathan Ochsner, Clerk

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF TEXAS
MCALLEN DIVISION

| | | |
|---|---|---|
| HORACIO CANTU VELA<br>G-780-23<br><br>    Petitioner,<br><br>v.<br><br>BOBBY LUMPKIN, DIRECTOR,<br>TEXAS DEPARTMENT OF CRIMINAL<br>JUSTICE, CORRECTIONAL<br>INSTITUTIONS DIVISION<br>    Respondent. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | CIVIL ACTION NO. 7:24-CV-149 |

# REPORT AND RECOMMENDATION

Petitioner Horacio Cantu Vela, currently incarcerated at the Hidalgo County Adult Detention Center, initiated this action on April 10, 2024, by filing a hand-written petition for a writ of habeas corpus under 28 U.S.C. § 2254. (Dkt. 1). Because the majority of the claims asserted in the habeas petition are actually civil-rights claims—which cannot be brought in a habeas petition—Petitioner was instructed to file an amended petition that included only claims that sound in habeas. Instead of filing an amended petition, Petitioner has filed a letter in which he states that he does not want to continue with the instant case.

This case has been referred to the undersigned magistrate judge for pretrial management pursuant to 28 U.S.C. § 636(b). After carefully considering the pleadings, the record, and the applicable law, the undersigned recommends that this case be dismissed without prejudice based on Petitioner's clear statement contained in his letter that does not want to continue in this case.

1

## I. BACKGROUND

As noted above, Petitioner is incarcerated at the Hidalgo County Adult Detention Center. According to publicly available records, an indictment was returned on March 16, 2021, in Cause No. CR-0666-21-F, charging Petitioner with burglary of a habitation. (*See State of Texas v. Vela*, Cause No. CR-0666-21-F, available at https://pa.co.hidalgo.tx.us/default.aspx by searching Petitioner's name.). Two days later, on March 18, 2021, an indictment was returned in Cause No. CR-0727-21-F, charging Petitioner with evading arrest or detention with a vehicle. (*See State of Texas v. Vela*, Cause No. CR-0727-21-F, available at https://pa.co.hidalgo.tx.us/Search.aspx?ID=100 by searching Petitioner's name.). In paragraph 1 of the amended petition, Petitioner indicates that he is challenging his conviction in Cause No. CR-0666-21-F; however, in paragraph 5, he indicates that he is challenging his conviction for burglary of a habitation and his conviction for evading arrest. (*See* Dkt. 6 at 2).

On August 24, 2021, Petitioner pleaded guilty in Cause No. CR-0666-21-F and in Cause No. CR-0727-21-F and was sentenced to 10 years deferred probation. (*See* online dockets available at https://pa.co.hidalgo.tx.us/Search.aspx?ID=100.). Petitioner's probation was revoked in August 2023. (*See id.*) According to the docket sheets in Cause No. CR-0666-21-F and Cause No. CR-0727-21-F, it appears that Petitioner has picked up an additional charge of burglary of a habitation with intent to commit another felony. (*See id.* at docket entries for 8/22/2023).

Despite indicating that he is challenging his state court convictions, in Ground One of the amended petition, Petitioner brings a claim that alleges that excessive force was used during his arrest.[1] (Dkt. 6 at 6). Petitioner alleges that he was "handcuffed and injured excessively resulting

---

[1] It is not clear from the petition to which arrest Petitioner is claiming excessive force was used. He does not provide the date the arrest occurred.

me in hospital." (*Id.*). He states that he did not exhaust this claim due to the "Covid-19 pandemic" and that he was "handicaped [sic] due to injuries." (*Id.*). Although Petitioner fills out the portion of the amended petition under "Ground Two," it appears that this section is just a continuation of his "Ground One" claim. (*See id.* at 10). Namely, Petitioner states that he has hospital records documenting his injuries and that he was bedridden for "about 1 calendar year" due to his injuries. (*Id.*). In response to question 13 in the form petition, Petitioner writes: "I was threatened to take plea by attorney Jaime Aleman to sign probation or face 20 years of incarceration taking advantage of Covid-19 pandemic." (*Id.* at 13). As relief, Petitioner seeks monetary compensation for injuries related to the excessive use of force during his arrest. (*Id.* at 16).

On August 16, 2024, the undersigned magistrate judge issued an order explaining to Petitioner that because the excessive-force claim in the amended petition does not challenge the fact or duration of Petitioner's confinement and a favorable determination of the claim would not entitle Petitioner to accelerated release from prison, the claim is properly construed as challenging his conditions of confinement and should be brought, if at all, in a civil-rights lawsuit under 42 U.S.C. § 1983. (*See* Dkt. 8). It was further explained to Petitioner that to the extent he is asserting an ineffective assistance of counsel claim, such a claim is properly brought in petition for a writ of habeas corpus. (*See id.*). The court went on to explain that it is not appropriate to consider civil-rights claims in a habeas proceeding because of requirements posed by the Prison Litigation Reform Act. (*Id.*). Because it was not clear from the pleadings whether Petitioner intended to bring an ineffective assistance of counsel claim, Petitioner was ordered to submit a second amended petition, if he intended to proceed on his ineffective assistance of counsel claim. (*See id.*). The court told Petitioner that it would later recommend that Petitioner's excessive-force claim

be dismissed without prejudice because a habeas proceeding is not the correct vehicle for this civil-rights claim. (*Id.*). Petitioner was given thirty days to comply with the Order. (*See id.*).

On August 28, 2024, the Clerk's Office docketed a letter from Petitioner. (Dkt. 9). In the letter, Petitioner writes that "I want to make clear that I have no complaint against or for Mr. Bobby Lumpkin, Director, Texas Department of Criminal Justice, Correctional Institutions Division Case Number 7:24-cv-149." (*Id.* at 2). He goes on to state that "I still seek suit in case number 7:23-cv-366[.] . . . It was my mistake misunderstanding due to my lack of knowledge involving complex legal issues for non-lawyers to understand and litigate effectively. I ask the court to please consider the correct filing matter."[2] (*Id.*). The letter as a whole evinces Petitioner's mistake in either filing or continuing with the instant case. (*See id.*). Petitioner is clear that he does not want to continue in the instant case, and only wants to continue in case number 7:23-cv-366. (*See id.*).

## II. ANALYSIS

The court construes Plaintiff's letter as a notice of voluntary dismissal brought under Rule 41(a) of the Federal Rules of Civil Procedure. A plaintiff may voluntarily dismiss an action without court order by filing a notice of dismissal before the opposing party either files an answer or a motion for summary judgment. Fed. R. Civ. P. 41(a)(1)(A)(i). The petition in this case remains subject to judicial screening under Rule 4 of the Rules Governing Section 2254 Cases in the United States District Courts, and the court has not yet requested an answer from the respondent.

The Fifth Circuit has made clear that "once a plaintiff has moved to dismiss under Rule 41(a)(1)(A)(i), the case is effectively terminated. The court has no power or discretion to deny

---

[2] Petitioner initiated a civil-rights action under 42 U.S.C. § 1983 in October 2023, which was assigned case number 7:23-cv-366.

plaintiffs' right to dismiss or to attach any condition or burden to that right." *Bechuck v. Home Depot U.S.A., Inc.*, 814 F.3d 287, 291 (5th Cir. 2016) (cleaned up); *see also In re Amerijet Int'l, Inc.*, 785 F.3d 967, 973 (5th Cir. 2015) (explaining that a notice of dismissal filed pursuant to Rule 41(a)(1)(A)(i) is "self-effectuating and terminates the case in and of itself; no order or other action of the district court is required") (citations omitted); *Yesh Music v. Lakewood Church*, 727 F.3d 356, 359 (5th Cir. 2013) ("Rule 41(a)(1) 'on its face grants a plaintiff an unconditional right to dismiss his complaint by notice and without order of the court at any time prior to the defendant's service of an answer or motion for summary judgment.") (quoting *Pilot Freight Carriers, Inc. v. Int'l Bhd. of Teamsters*, 506 F.2d 914, 915 (5th Cir. 1975)).[3]

Fifth Circuit case law is clear that a Rule 41(a)(1)(A)(i) voluntary dismissal is effective upon filing and that the district court is divested of jurisdiction over the case by the filing of the notice of dismissal. *See Bailey v. Shell W. E&P, Inc.*, 609 F.3d 710, 719 (5th Cir. 2010) (explaining that generally "a Rule 41(a)(1) dismissal results in immediate termination of the suit") (citations omitted); *Qureshi v. United States*, 600 F.3d 523, 525 (5th Cir. 2010) ("[I]n the normal course, the district court is divested of jurisdiction over the case by the filing of the notice of dismissal itself."). Although no order closing the case is needed, for purposes of clear record maintenance and so that the Clerk is notified that a case should be closed, district courts in the Fifth Circuit often enter an order acknowledging that the plaintiff has filed a Rule 41(a) dismissal and instructing the Clerk to administratively close the case. *See, e.g., Drake v. Safeway, Inc.*, Case No. 3:18-cv-3120-S, 2019 WL 1959880, at *3 (N.D. Tex. Apr. 3, 2019) (recommending that the plaintiff's "motion for nonsuit" be treated as a notice of voluntary dismissal under Rule 41(a) and recommending that the

---

[3] Rule 12 of the Rules Governing Section 2254 Cases in the United States District Courts states that "[t]he Federal Rules of Civil Procedure, to the extent that they are not inconsistent with any statutory provision or these rules, may be applied to a proceeding under these rules."

5

district court direct the Clerk of Court to administratively close the case), *R&R adopted by* 2019 WL 1958395 (N.D. Tex. May 2, 2019); *Wilson v. Hooper*, Civil Action No. 18-301-JWD-EWD, 2019 WL 1931743, at *1 (M.D. La. Apr. 30, 2019) (ordering that the plaintiff's motion to dismiss be treated as a notice of voluntary dismissal under Rule 41(a)(1)(A)(i) and directing the Clerk of Court to close the case); *Wilson v. Louisiana*, Civil Action No. 20-3111, 2021 WL 7208642, at *2 (E.D. La. Mar. 10, 2021) (explaining that the plaintiff's "notice is sufficient under Rule 41(a)(1)(A)(i) for dismissal of this case without prejudice" and that "[w]hile no dismissal order is needed under Fed. R. Civ. P. 41(a), it is recommended that the court enter an order of dismissal without prejudice, for purposes of precise record maintenance and to assure clear resolution of this matter"), *R&R adopted by* 2022 WL 594920 (E.D. La. Feb. 28, 2022).

Thus, although a notice of dismissal under Rule 41(a)(1)(A)(i) is "immediately self-effectuating," *Qureshi*, 600 F.3d at 525, the undersigned will recommend that the District Court grant Petitioner's request to dismiss his case to ensure a clear record.

### III.   CONCLUSION

After careful review of the record and relevant law, the undersigned recommends that Petitioner's letter be construed as a notice of voluntary dismissal brought under Rule 41(a) and that the action filed by Petitioner Horacio Cantu Vela be **DISMISSED without prejudice**.

*Notice*

Within 14 days after being served a copy of this report, a party may serve and file specific, written objections to the proposed recommendations. 28 U.S.C. § 636(b)(1)(C); Fed. R. Civ. P. 72(b). The district judge to whom this case is assigned shall make a *de novo* determination upon the record, or after additional evidence, of any portion of the magistrate judge's disposition to which specific written objection has been made. The district judge may accept, reject, or modify

6

the recommended decision, receive further evidence, or recommit the matter to the magistrate judge with instructions.

Failure to file written objections to the proposed findings and recommendations contained in this report within 14 days after service shall bar an aggrieved party from de novo review by the District Court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the District Court, except on grounds of plain error or manifest injustice.

**SIGNED** at McAllen, Texas, this 12th day of September 2024.

_____
Juan F. Alanis
United States Magistrate Judge